JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD WIDE RUSH, LLC, a Pennsylvania corporation, and INSITE OUTDOOR WORKS LA, LLC, a Delaware limited liability company,<br><br>   Plaintiffs,<br><br>   v.<br><br>CITY OF LOS ANGELES, a California municipal corporation and DOE 1 through DOE 10, inclusive,<br><br>   Defendant.<br>_____ | CASE NO.: CV 07-238 ABC (JWJx)<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

   On August 19, 2008, the Court granted Plaintiff World Wide Rush, LLC and Insite Outdoor Works LA, LLC's ("Plaintiffs'") Motion for Summary Judgment in its entirety.  Plaintiffs have advised the Court that, upon issuance of a permanent injunction, Plaintiffs will waive their claim for damages and all non-first-amendment claims (subject to reinstatement should the preliminary injunction be reversed on appeal), and this injunction will constitute the Final Judgment in this action.  After considering the evidence presented and the arguments of the parties, the Court rules as follows:

1. Sections 14.4.4(B)(9) and 14.4.4(B)(11) of the Sign Ordinance violate the First Amendment because the exceptions in those provisions for off-site and supergraphic signs permitted pursuant to special plans, supplemental use districts, and development agreements vest unfettered discretion in City officials.

2. The exceptions in sections 14.4.4(B)(9) and 14.4.4(B)(11) for off-site and supergraphic signs permitted pursuant to special plans, supplemental use districts, and development agreements are not severable.

3. The restriction in section 14.4.6 on signs within 2,000 feet of a freeway violates the First Amendment because it does not directly advance the City's asserted interests underlying the restriction and is not narrowly tailored to achieve those interests; therefore, section 14.4.6 is an unconstitutional restriction on commercial speech under <u>Central Hudson</u>.

Based on the foregoing, the Court ORDERS that:

1. Plaintiffs' Motion for Summary Judgment is GRANTED.

2. The City, its officers, agents, servants, employees and attorneys, and all those acting in concert or participating with them, are hereby permanently enjoined from taking the following actions against supergraphic signs owned and operated by Plaintiffs or those in contractual privity with them at the 21 sites specified in the modified preliminary injunction:

   a. Enforcing section 14.4.4(B)(9) of the sign ordinance;

   b. Enforcing section 14.4.4(B)(11) of the sign ordinance;

   c. Enforcing section 14.4.6 of the sign ordinance.

The sites subject to this injunction are as follows:

1. 3280 Cahuenga Blvd., Los Angeles, CA 90068
2. 6200 Wilshire Blvd., Los Angeles, CA 90048
3. 1606 Cotner Ave., Los Angeles, CA 90025
4. 165 N. La Brea Ave., Los Angeles, CA 90036
5. 5150 Wilshire Blvd., Los Angeles, CA 90036
6. 10680 W. Pico Blvd., Los Angeles, CA 90064
7. 1357 Highland Ave., Los Angeles, CA 90038
8. 1551 N. La Brea Ave., Los Angeles, CA 90046

| | | |
|---|---|---|
| 1 | 9. | 8200 Wilshire Blvd., Los Angeles, CA 90211 |
| 2 | 10. | 8455 Beverly Blvd., Los Angeles, CA 90048 |
| 3 | 11. | 1816, 1818, 1819 Oak St., Los Angeles, CA 90015 |
| 4 | 12. | 1640 Marengo St., Los Angeles, CA 90033 |
| 5 | 13. | 1651 S. Central Ave., Los Angeles, CA 90034 |
| 6 | 14. | 8801 W. Pico Blvd., Los Angeles, CA 90035 |
| 7 | 15. | 11022 Santa Monica Blvd., Los Angeles, CA 90025 |
| 8 | 16. | 10801 National Blvd., Los Angeles, CA 90064 |
| 9 | 17. | 3415 S. Sepulveda Blvd., Los Angeles, CA 90034 |
| 10 | 18. | 10924 Le Conte Ave., Los Angeles, CA 90024 |
| 11 | 19. | 300 S. Robertson Blvd., Los Angeles, CA 90034 |
| 12 | 20. | 6081 Center Dr., Los Angeles, CA 90045 |
| 13 | 21. | 7901 Melrose Ave., Los Angeles, CA 90046 |

This injunction prohibits the City both from interfering with Plaintiffs' maintenance of their off-site signs and supergraphic signs and from issuing citations to Plaintiffs or those with whom they contract based on the above-cited code sections or based on the inability of Plaintiffs to obtain permits for their off-site signs and supergraphic signs because of the City's enforcement of the above-cited code sections.  The City may inspect and verify Plaintiffs' signs to ensure that they have been constructed according to applicable code provisions to ensure the safe construction of signs.

The Court further ORDERS that there being no claims left to litigate in this action, that this judgment is the final judgment in this action.

**IT IS SO ORDERED.**

**DATED:     August 20, 2008**

_____
**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**