1  GARY S. MOBLEY, P.C. (SBN 71984)
   DAMIAN A. NORTHCUTT (SBN 258183)
2  CASE, KNOWLSON & JORDAN LLP
   620 Newport Center Dr., Suite 280
3  Newport Beach, CA 92660
   (949) 729-0700
4  (949) 729-0729 (fax)
   Email: gmobley@ckjlaw.com
5
   Attorneys for Plaintiff WORLD WIDE RUSH, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 WORLD   WIDE   RUSH,   LLC,   a )  Case No.  CV 07-00238-ABC (JWJx)
   Pennsylvania limited liability company, )
12 and INSITE OUTDOOR WORKS LA, )  The Hon. Audrey B. Collins
   LLC,  a  Delaware  limited  liability )
13 company,                              )  **MEMORANDUM OF POINTS AND**
                                         )  **AUTHORITIES IN OPPOSITION**
14                                       )  **TO DEFENDANT'S MOTION FOR**
                      Plaintiffs,        )  **CLARIFICATION    OF    THE**
15                                       )  **AUGUST  26,  2008  AMENDED**
            v.                           )  **JUDGMENT AND PERMANENT**
16                                       )  **INJUNCTION   RE:   MADAME**
   CITY OF LOS ANGELES, a California )  **TUSSAUDS'  REQUEST  FOR**
17 municipal corporation, and DOE 1 through )  **V E S T E D      R I G H T S**
   DOE 10, inclusive,                    )  **DETERMINATION**
18                                       )
                      Defendants.        )
19                                       )
                                         )  DATE:     June 7, 2010
20                                       )  TIME:     10:00 a.m.
                                         )  CTRM.:    680
21 _____ )

22 TO THE HONORABLE COURT:

23                          **I.**

24                 **PRELIMINARY STATEMENT**

25       The present motion, apparently filed at the request of Madame Tussauds, seeks

26 truly extraordinary relief.  The City of Los Angeles ("City") seeks a determination that

27 Madame Tussauds (who is not a party in this case) has a vested right to obtain permits

28 from the City to erect two supergraphic signs at 6931-35 Hollywood Boulevard (which

is not at issue in this case) under the terms of the City's New Sign Ordinance (which was adopted more than a year after the Judgment and, therefore, is not at issue in this case). In addition, the City asks this Court to consider requests by other third-party developers for vested rights determinations (and suggests that they be ordered to non-binding arbitration before Judge Dennis Choate) even though they are not parties to this action, and the issue of vested rights is not relevant to any issue in this case. Further, the City brings this motion while the Judgment in this action is currently pending on appeal before the Ninth Circuit.

This motion is styled as a "motion for clarification" of the permanent injunction entered on August 26, 2008.[1]    However, this argument is based on a blatant mischaracterization of the permanent injunction, which does not, as the City contends, prohibit the City from exercising "unfettered permitting discretion" in permitting off-site signs and supergraphics. Rather, the injunction merely enjoins the City from interfering with Plaintiff's right to maintain supergraphic signs at 19 specific locations. Thus, the relief sought by the City cannot be obtained through a "clarification" of the permanent injunction.

Since the relief sought by this motion cannot be obtained by a "clarification" of the injunction, the motion is patently without merit because a final judgment was entered in this action, and this judgment is currently pending on appeal before the Ninth Circuit. As demonstrated in Section II, below, the fact that this case in present on appeal divests the district court of jurisdiction to render substantive decisions in this action, including the substantive relief sought by Plaintiff in this motion.

Finally, aside from this jurisdictional limitation, the relief sought by Plaintiff is improper because Madame Tussauds is not a party to this action and the City's New Sign

---

[1] A true and correct copy of the Amended Judgment and Permanent Injunction dated August 26, 2008 is attached hereto as Exhibit "A". Plaintiff requests that Court take judicial notice of this Judgment and Permanent Injunction under Rule 201, Federal Rules of Evidence. Under this rule, the Court may take judicial notice of matters of public record. *Newcomb v. Brennan* (7th Cir.1977) 558 F.2d 825, 829.

Memorandum of P&As in Opposition
to Motion for Clarification

1  Ordinance, adopted in August 2009, is not the subject of this action.

2      Thus, the City's motivation in filing this motion is unclear. However, on thing is

3  clear. Despite the current total ban on off-site signs and supergraphics, the City

4  continues to seek the right to grant exceptions for certain developers and favored sign

5  companies thereby perpetuating, in application, the regulatory scheme declared

6  unconstitutional by this Court. Accordingly, in the event the Ninth Circuit reverses this

7  Court's decision, Plaintiff intends to seek leave to amend its complaint to bring an "as-

8  applied" constitutional challenge to the City's New Sign Ordinance.

9      These points are discussed more fully below.

## II.

## THIS MOTION IS AN IMPROPER

## MOTION FOR RECONSIDERATION

13     The City characterizes this motion as a motion for clarification of the permanent

14  injunction entered in this action on August 26, 2008. However, the City does not attach

15  a copy of the permanent injunction to its moving papers. Instead, the City asserts

16  repeatedly in its moving papers that the permanent injunction prohibits the City from

17  "the exercise of unfettered permitting discretion." (*See*, Motion, p. 1, lns. 11-13, p. 6,

18  lns. 19-22, and p. 8, lns. 23-25.) This assertion is simply a mischaracterization of this

19  Court's permanent injunction.

20     A copy of the permanent injunction entered on August 26, 2008, is attached hereto

21  as Exhibit "A". Nowhere in this injunction is the City enjoined from "the exercise of

22  unfettered permitting discretion" in issuing or denying permits for off-site signs and

23  supergraphics. In fact, nowhere in the injunction does it purport to restrict the City's

24  authority to issue permits to any third parties. Instead, the permanent injunction simply

25  enjoins the City from interfering with Plaintiff's right to maintain supergraphic signs at

26  19 specific locations identified in the injunction. Thus, the permanent injunction merely

27  protects specific supergraphic signs of Plaintiff; it does not purport to restrict or prohibit

28  the City from issuing permits to other companies, whether through the exercise of

Memorandum of P&As in Opposition
to Motion for Clarification

unfettered discretion or otherwise.

Thus, there is nothing in the permanent injunction to clarify by declaring whether Madame Tussauds has or has not acquired a vested right to sign permits for its property because the permanent injunction does not purport to restrict the City's ability to issue permits to other companies. As such, no colorable argument can be made that the City would be in contempt of the permanent injunction if it issued these permits, and World Wide Rush has never contended otherwise.[2]

## III.

### SINCE THIS ACTION IS PENDING ON APPEAL, THE DISTRICT COURT DOES NOT HAVE JURISDICTION TO ISSUE SUBSTANTIVE RELIEF AND THIS MOTION IS OTHERWISE IMPROPER

Since the present motion is not a proper motion for clarification of the permanent injunction, Plaintiff is seeking substantive relief on behalf of Madame Tussauds through, in essence, a declaratory judgment. However, it is improper for the City to seek substantive relief before this Court at this time because this Court has already entered a final judgment in this action, and that judgment and permanent injunction are currently on appeal before the Ninth Circuit.

The general rule is that the filing of a general appeal "confers jurisdiction on the court of appeal and divests district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons* (1985)

---

[2] The City's motion contends (at p. 1) that counsel for World Wide Rush indicated in the meet and confer conference that issuing permits to Madame Tussauds might violate the permanent injunction. That assertion is simply not true. In fact, in the meet and confer conference, after counsel for the City explained the motion the City was intending to bring, the undersigned counsel for World Wide Rush questioned why the City intended to bring this motion since the permanent injunction did not address the issue. The undesigned did question why the City considered that Madame Tussauds had acquired a vested right when it denied the same relief to Plaintiff's supergraphic at 10801 National Boulevard. However, counsel never suggested that issuance of permits to Madame Tussauds would violate the permanent injunction.

Memorandum of P&As in Opposition
to Motion for Clarification

1   470 U.S. 373, 379, 105 S.Ct.1327, 84L.Ed.2d 274 (emphasis added). Thus, other than

2   a motion for clarifying or modifying the permanent injunction, the City does not have the

3   right to ask this Court to enter substantive relief on any other matter.

4        This motion is also defective because it seeks an advisory opinion from this Court

5   that Madam Tussauds is entitled to sign permits under the New Sign Ordinance even

6   though the New Sign Ordinance is not at issue in this case.  In fact, the New Sign

7   Ordinance was not even adopted until August 14, 2009, nearly a year after the Judgment

8   was entered in this action.  This court has repeatedly stressed that the New Sign

9   Ordinance is not at issue in the related sign cases.  As such, it is inappropriate for the

10  City to seek a determination of its rights and obligations under the New Sign Ordinance

11  because it is outside the subject matter of this action.

12        Likewise, this motion seeks relief on behalf of an entity, Madame Tussauds, who

13  is not a party to this action.  Indeed, it appears that this motion was filed at the request

14  of Madame Tussauds.[3]  As a non-party in this action, Madame Tussauds has no standing

15  to seek any relief before this Court, either directly or indirectly through a motion filed

16  by the City on its behalf.  Similarly, this motion seeks an advisory opinion that Madame

17  Tussauds has acquired a vested right to sign permits on its property even though the issue

18  of vested rights is not at issue in this case and was not addressed by the final Judgment

19  entered by this Court.  Even if the issue of vested rights were properly before this Court,

20  the City's motion presents no authority that the facts presented in this motion justify the

21  conclusion that Madame Tussauds has acquired vested rights to sign permits.[4]

22  _____

23        [3]/ This conclusion is revealed by the caption of the City's motion, which is
     entitled "Motion for Clarification of the August 26, 2008 Amended Judgment and
24   Permanent Injunction Re: Madame Tussauds' Request for Vested Rights
     Determination." (Emphasis added.)

25

26        [4]/ In the event this Court considers the issue of whether Madame Tussauds has
     acquired a vested right to its sign permits based on the facts submitted, Plaintiff
27   requests leave to brief its claim to a vested right to a permit on the north wall of
     10801 National Boulevard since the construction of this sign was far more complete
28   than Madame Tussauds, where no work was undertaken specifically on construction
     of its signs prior to the ICO.

Memorandum of P&As in Opposition
to Motion for Clarification

1   Since this motion is so clearly without merit, the question arises why the City has
2   brought this motion. Perhaps, the City is attempting to insulate itself from an anticipated
3   motion by Plaintiff to amend its Complaint to assert an "as-applied" challenge to the
4   New Sign Ordinance.  Plaintiff may well seek leave to amend to assert an as-applied
5   challenge to the New Ordinance because, despite the current total ban, the City has
6   continued to issued sign permits to its favored developers, including AEG for the City
7   Lights project after the ICO, and the W Hotel.

8   Regardless of the City's motives in filing this motion, one thing is clear.  Despite
9   the total ban contained in the New Sign Ordinance, the City has continued to grant *ad*
10  *hoc* exceptions to its favored developers and sign companies, currently under the guise
11  of "vested rights."   By adopting an ordinance which, on its face, constitutes a total
12  prohibition, but applying the ordinance in a manner that grants discretionary exceptions,
13  as applied, the City has continued a regulatory scheme that this Court has found
14  unconstitutional.

## IV.

## THIS CASE IS NOT THE PROPER FORUM TO LITIGATE
## "VESTED RIGHTS" OF OTHER THIRD-PARTY DEVELOPERS

18  Finally, on page 9 of its motion, the City asserts that there are several other
19  developers who desire a vested rights determination to erect supergraphic signs on their
20  properties and suggests that this Court order those developers to submit their claims to
21  non-binding arbitration before Judge Dennis Choate, presumably under the supervision
22  of this Court.  However, as with Madame Tussauds, those additional developers are not
23  parties to this action, and this case is not the proper venue for litigating those claims.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Memorandum of P&As in Opposition
to Motion for Clarification

# V.

## CONCLUSION

Based on the foregoing, the City's motion should be summarily denied. However, should this Court decide to consider Madame Tussauds' request for a vested rights determination, Plaintiff requests that it be granted leave to brief the issue of vested rights for the supergraphic on the north wall of 10801 National Boulevard.

Dated:   May 17, 2010

CASE, KNOWLSON & JORDAN LLP


By: /S/ - Gary S. Mobley
Gary S. Mobley, P.C.
Attorneys for Plaintiff
WORLD WIDE RUSH, LLC

1

2                                  O

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  WORLD WIDE RUSH, LLC, a          )   CASE NO.: CV 07-238 ABC (JWJx)
    Pennsylvania corporation, and    )
    INSITE OUTDOOR WORKS LA, LLC, a  )
12  Delaware limited liability       )   **AMENDED JUDGMENT AND PERMANENT**
    company,                         )   **INJUNCTION**
13                                   )
                   Plaintiffs,       )
14                                   )
        v.                           )
15                                   )
    CITY OF LOS ANGELES, a           )
16  California municipal             )
    corporation and DOE 1 through    )
17  DOE 10, inclusive,               )
                                     )
18                 Defendant.        )
    _____)
19

20       On August 19, 2008, the Court granted Plaintiff World Wide Rush,

21  LLC and Insite Outdoor Works LA, LLC's ("Plaintiffs'") Motion for

22  Summary Judgment in its entirety.  Plaintiffs have advised the Court

23  that, upon issuance of a permanent injunction, Plaintiffs will waive

24  their claim for damages and all non-first-amendment claims (subject to

25  reinstatement should the preliminary injunction be reversed on

26  appeal), and this injunction will constitute the Final Judgment in

27  this action.  After considering the evidence presented and the

28  arguments of the parties, the Court rules as follows:

**EXHIBIT "A"**

1.   Sections 14.4.4(B)(9) and 14.4.4(B)(11) of the Sign Ordinance violate the First Amendment because the exceptions in those provisions for off-site and supergraphic signs permitted pursuant to special plans, supplemental use districts, and development agreements vest unfettered discretion in City officials.

2.   The exceptions in sections 14.4.4(B)(9) and 14.4.4(B)(11) for off-site and supergraphic signs permitted pursuant to special plans, supplemental use districts, and development agreements are not severable.

3.   The restriction in section 14.4.6 on signs within 2,000 feet of a freeway violates the First Amendment because it does not directly advance the City's asserted interests underlying the restriction and is not narrowly tailored to achieve those interests; therefore, section 14.4.6 is an unconstitutional restriction on commercial speech under Central Hudson.

Based on the foregoing, the Court ORDERS that:

1.   Plaintiffs' Motion for Summary Judgment is GRANTED.

2.   The City, its officers, agents, servants, employees and attorneys, and all those acting in concert or participating with them, are hereby permanently enjoined from taking the following actions against supergraphic signs owned and operated by Plaintiffs or those in contractual privity with them at the 19 sites specified in the modified preliminary injunction:

   a.   Enforcing section 14.4.4(B)(9) of the sign ordinance;

   b.   Enforcing section 14.4.4(B)(11) of the sign ordinance;

   c.   Enforcing section 14.4.6 of the sign ordinance.

The sites subject to this injunction are as follows:

1.   3280 Cahuenga Blvd., Los Angeles, CA 90068

2.   6200 Wilshire Blvd., Los Angeles, CA 90048

3.   1606 Cotner Ave., Los Angeles, CA 90025

4.   165 N. La Brea Ave., Los Angeles, CA 90036

5.   5150 Wilshire Blvd., Los Angeles, CA 90036

6.   10680 W. Pico Blvd., Los Angeles, CA 90064

7.   1357 Highland Ave., Los Angeles, CA 90038

8.   1551 N. La Brea Ave., Los Angeles, CA 90046

**EXHIBIT "A"**

9.   8200 Wilshire Blvd., Los Angeles, CA 90211

10.   8455 Beverly Blvd., Los Angeles, CA 90048

11.   1816, 1818, 1819 Oak St., Los Angeles, CA 90015

12.   1640 Marengo St., Los Angeles, CA 90033

13.   1651 S. Central Ave., Los Angeles, CA 90034

14.   8801 W. Pico Blvd., Los Angeles, CA 90035

15.   11022 Santa Monica Blvd., Los Angeles, CA 90025

16.   10801 National Blvd., Los Angeles, CA 90064

17.   3415 S. Sepulveda Blvd., Los Angeles, CA 90034

18.   6081 Center Dr., Los Angeles, CA 90045

19.   7901 Melrose Ave., Los Angeles, CA 90046

This injunction prohibits the City both from interfering with Plaintiffs' maintenance of their off-site signs and supergraphic signs and from issuing citations to Plaintiffs or those with whom they contract based on the above-cited code sections or based on the inability of Plaintiffs to obtain permits for their off-site signs and supergraphic signs because of the City's enforcement of the above-cited code sections.   The City may inspect and verify Plaintiffs' signs to ensure that they have been constructed according to applicable code provisions to ensure the safe construction of signs.

The Court further ORDERS that there being no claims left to litigate in this action, that this judgment is the final judgment in this action.

IT IS SO ORDERED.

DATED:      August 26, 2008

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**
**-10-**